UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LLOYD GEORGE MORGAN, JR. | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:08-cv-713 (JCH) |
| | : | |
| | : | NOVEMBER 23, 2009 |
| D. BAKER, et al. | : | |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION, FOR RELIEF FROM JUDGMENT AND TO CORRECT JUDGMENT (Doc. No. 13)**

Plaintiff Lloyd George Morgan, Jr., incarcerated and pro se, filed this action under 42 U.S.C. § 1983 (2000). On May 21, 2008, the court ordered Morgan to show cause why this case should not be dismissed for failure to fully exhaust his administrative remedies before filing this action. In his response, Morgan indicated that he had commenced the grievance process. The court concluded that Morgan had not completed the grievance process before commencing this action and dismissed the complaint without prejudice to enable Morgan to refile his complaint when the exhaustion process was concluded. See Doc. No. 7. On October 20, 2008, Morgan indicated that he had reached an agreement with the defendants that he would not refile the complaint and moved, inter alia, to have the complaint dismissed with prejudice. See Doc. No. 9. The court granted Morgan's request on November 5, 2008. See Doc. No. 10.

Morgan now seeks reconsideration of this decision. He states that, following the dismissal of this case, the defendants continued to subject him to retaliation and harassment by issuing disciplinary reports and threats to require Morgan to leave protective custody if he continued to submit complaints against prison officials.

A motion for reconsideration must be filed within ten days from the date of the ruling. D. Conn. L. Civ. R. 7(c)1. Plaintiff mailed[1] this motion on October 14, 2009, eleven months after the court granted his request to dismiss the case with prejudice. Thus, the request for reconsideration is denied as untimely filed.

Federal Rule of Civil Procedure 60(a) provides that a judgment may be corrected if it includes a clerical mistake or a mistake arising from oversight or omission. Morgan has not identified any mistake that warrants correction under Rule 60(a). He merely has changed his mind and now wants to refile this action. Any request to correct the judgment is denied.

Federal Rule of Civil Procedure 60(b) identifies several reasons for which a party may be relieved from judgment. Morgan does not reference any subsection of this rule in his Motion. The two that may apply in this case are subsections "(1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any other reason that justifies relief." The case was not mistakenly dismissed with prejudice. Morgan specifically requested this action and provided reasons to support his request. Despite his assertion in this Motion, Morgan is not a novice litigant. Since 1992, he has litigated seventeen other cases in federal court.[2] The fact that he now has changed his mind

---

[1] Prisoner motions are considered filed on the day the prisoner gives the motion to correctional staff for mailing. Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

[2] See Morgan v. Meachum, et al., No. 5:92cv744(AHN); Morgan v. Forman, et al., No. 5:92cv745(AHN); Morgan v. Meachum, et al., 3:93cv28(AVC); Morgan v. Meachum, et al., No. 3:93cv2069(AVC); Morgan v. Meachum, et al., 3:94cv2101(AVC); Morgan v. St. Francis Hospital, et al., No. 3:94cv2135(AHN); Morgan v. Hartford Community, et al., 3:95cv1295(AVC); Morgan, et al. v. Armstrong, et al., No. 3:95cv1524(AVC); Morgan v. Armstrong, et al., 3:95cv2334(AVC); Morgan v. Armstrong, et al., No. 3:96cv2338(AVC); Morgan v. Armstrong, et al., No. 3:97cv145(AVC); Morgan v. Rowland, et al., No. 3:01cv1107(CFD); Morgan v. New Britain, et al., No. 3:01cv1284(SRU); Morgan v. Choinski, et al., No. 3:03cv1497(GLG); Morgan v. Regan, et al., No. 3:05cv873(JBA); Morgan v. Lantz, et

about litigating certain claims does not warrant relief from judgment.  Morgan's request for relief from judgment is denied.  The court notes that the dismissal with prejudice applies only to the claims contained in the Complaint.  If Morgan has been subjected to other retaliatory conduct subsequent to the conduct at issue in his Complaint, he may file a new action.

Plaintiff also asks the court to provide him a copy of the court file.  Although he states that he has only $0.25 in his inmate account, he provides no documentation supporting this assertion.  As the court has denied plaintiff's request to vacate the dismissal with prejudice, the court cannot discern why he requires a copy of all documents in the court file.  Accordingly, this request is denied.

Plaintiff's Motion for Reconsideration and Motion for Relief from Judgment and Motion to Correct Judgment (Doc. No. 13) is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23th day of November, 2009.

                    /s/ Janet C. Hall
                    Janet C. Hall
                    United States District Judge

---

al., No. 3:05cv1659(MRK); Morgan v. Johnson-Marcial, et al., No. 3:07cv1366(JCH).